# EXHIBIT A

Thomas C. Horne SBA# 002951
**HORNE SLATON, PLLC**
6720 North Scottsdale Road, Suite 285
Scottsdale, AZ 85253
Tel: (480) 483-2178
Fax: (480) 367-0691
horne@horneslaton.com
*Attorney for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| EDWARD BRUCE BRIMACOMBE, | CV: 2017-056120 |
| Plaintiff, | |
| vs. | SUMMONS |
| USAA INSURANCE AGENCY, INC. OF TEXAS (FN), | |
| Defendants. | |

TO THE ABOVE NAMED DEFENDANTS:

**USAA INSURANCE AGENCY, INC. OF TEXAS (FN),**
**2338 W. ROYAL PALM RD., SUITE J**
**PHOENIX, ARIZONA 85021**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--

1

you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Rule 4 Ariz.R.Civ.P. A.R.S. §§ 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are to serve a copy of any Answer or response upon the Plaintiffs' attorney. Rule 10(d) Ariz.R.Civ.P. A.R.S. § 12-311, Rule 5 Ariz.R.Civ.P.

The name and address of Plaintiffs' attorney is:

Thomas C. Horne, Esq.
**HORNE SLATON, PLLC**
6720 N. Scottsdale Rd., Suite 285
Scottsdale, AZ 85253

**REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST THREE (3) WORKING DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

**SIGNED AND SEALED THIS DATE:** _____

_____
**DEPUTY CLERK**

3

Thomas C. Horne, Bar No. 002951
**HORNE SLATON, PLLC**
6720 North Scottsdale Road, Suite 285
Scottsdale, AZ 85253
Tel: (480) 483-2178
Fax: (480) 367-0691
horne@horneslaton.com
*Attorney for Plaintiffs*



COPY
DEC - 8 2017
MICHAEL K. JEANES, CLERK
K. NORTON
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| EDWARD BRUCE BRIMACOMBE, | Case No.: |
| Plaintiff, | CV2017-056120 |
| v | **COMPLAINT** |
| USAA INSURANCE AGENCY, INC. OF TEXAS (FN), | (Breach of Contract, Insurance Bad Faith) |
| Defendant. | |

For his Complaint, Plaintiff alleges:

1. Plaintiff is a resident of Maricopa County Arizona, and defendant does business in Maricopa County Arizona. Jurisdiction and venue are proper in Maricopa County Arizona.

2. The parties entered into an insurance contract, under which plaintiff paid premiums, and defendant provided insurance coverage, among other things, for policy limits of $500,000 for underinsured coverage.

3. On March 22, 2016, plaintiff was proceeding eastbound at the intersection of Broadway Road and Price road in Tempe, Arizona. Plaintiff was proceeding through a green traffic signal. A driver named Reina Silvia Ramirez ran a red light at 40 mph, and

crashed into the side of plaintiff's car at 40 miles per hour. A crash at 40 mph into the side of a car is an extremely serious collision.

4. Plaintiff suffered broken ribs, a torn meniscus, torn rotator cuff, and required surgery. As a result of the accident his lungs adhered to his ribs which had the effect of his right lung collapsing. He had surgery to remove the adhesion and patch it off. He spent ten days in the intensive care unit at Banner Desert Medical Center. For 4 months, from March 2016 to July 2016, Plaintiff, was on opiates to survive this catastrophic crash.

5. Plaintiff incurred medical bills of $113,342.91.

6. Plaintiff suffered economic loss as follows: Plaintiff owns 97% of a company that provides charging stations for electric vehicles. His main responsibility has been to raise capital for that company. From March 2015 to March 2016, he raised $1.1 million. (He had also invested $1 million of his own). For the 4 months that he was recuperating, he was not able to raise anything, which is a loss of $1/3 million dollars.

In addition, during the time he was out of commission, there was a clean cities grant for electric charging stations. Three of Plaintiff's competitors applied, and they each received 1/3 of the grant of $8 million. Had Plaintiff been able to apply, then each of the 4 applicants would have receive 25%. This is a loss of $2 million to him.

In addition, there was a $50 million grant for event cities that he was unable to apply for.

7. Plaintiff suffered additional out-of-pocket expenses as follows:

Replacement of Tesla         $72,000.00

2

| | |
|---|---|
| Healthcare Worker to take care of Mr. Brimacombe at home Kate Jones | $3,800.00 |
| Transportation costs for wife, who is temporarily living in Charlottesville to come back to Phoenix to take care of Bruce - C Brimacombe | $2,497.00 |
| US Stem Cell | $25,295.00 |
| Expected US Stem | $24,000.00 |
| Loans finance charge | $18,000.00 |
| Passenger aid | $2,400.00 |
| Rehab needs expected | $24,500.00 |

8. In addition, plaintiff suffered substantial additional damages for pain and suffering and loss of quality of life.

9. Ramirez was underinsured, in that Ramirez's insurance was only $50,000. Plaintiff settled with Ramirez for the $50,000 policy limits, and then presented his claim to defendant insurance company for Plaintiff's $500,000 underinsured policy. A copy of the demand letter, dated September 25, 2017, for policy limits of $500,000 is attached as Exhibit A and incorporated by reference in this Complaint.

10. Defendant insurance company requested additional substantiation of the economic loss. This was provided on November 21, 2017. A copy of that letter and its attachments is attached as Exhibit B and incorporated by reference in this Complaint. Additional substantiation was supplied, including a letter from Colleen Crowninshield, clean cities coordinator for the US Department of Energy in the State of Arizona. A request for their final and best offer was requested within the next 10 days, with a deadline of December 2, 2017.

11. No response was received by December 2, and undersigned counsel telephoned the defendant insurance company assigned adjuster, Ms. Darcy L Harrison. That phone

3

call was ignored. There was no return email or phone call as of the date of this Complaint.

12. On December 5, an additional email was sent, which is attached as exhibit D and incorporated by reference in this complaint. That email noted that phone call had not been returned. There had been no email, and Plaintiff's numerous phone calls and emails had been completely ignored by the insurance company. The deadline was extended again, unilaterally, to December 6 for the Plaintiff to hear something from the Defendant insurance company.

13. The Defendant insurance company, continued to be completely silent through the unilaterally extended deadline, December 6. As of that date there were no phone calls or emails in response to plaintiff's numerous communications, other than the request for documentation, which was given.

14. Plaintiff always paid his premiums to the Defendant insurance company, and Defendant insurance company accepted those premiums. In return, Defendant insurance company owed a duty to plaintiff to pay the $500,000 underinsured motorist coverage, and to treat plaintiff with good faith and fair dealing, which it did not do.

15. Defendants actions described above constitute a breach of contract with plaintiff. In addition, defendant is liable for the tort of bad faith. Because of that bad faith, the policy limits are no longer applicable, and plaintiff is entitled to recover his full damages, in excess of the $50,000 received from Ramirez, in this case.

16. In addition, the actions of defendant insurance company are sufficiently willful, deliberate, and egregious, that plaintiff is entitled to recover punitive damages in an

amount sufficient to discourage similar conduct in the future by defendant or others similarly situated.

17. This action arises out of contract, and Plaintiff is entitled to recover reasonable attorney's fees, pursuant to A.R.S. section 12 – 341.01.

Therefore, plaintiff prays for damages against defendant for the special damages itemized above, for pain and suffering, loss of quality of life, and other general damages, for punitive damages in an amount sufficient to discourage similar conduct in the future by defendant and others similarly situated, for reasonable attorneys fees pursuant to A.R.S. § 12 – 341.01, for costs incurred, and for such other and further relief as the Court deems proper.

**DATED** this 8th day of December, 2017.

*Tony Horne* (signature)

Thomas C. Horne, Esq.
*Attorney for Plaintiffs*

BY: /s/kme

Thomas C. Horne, #02951
**HORNE SLATON, PLLC**
6720 North Scottsdale Road, Suite 285
Scottsdale, AZ 85253
Tel: (480) 483-2178
Fax: (480) 367-0691
horne@horneslaton.com
*Attorney for Plaintiff*



COPY
DEC - 8 2017
MICHAEL K. JEANES, CLERK
K. NORTON
DEPUTY CLERK

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| EDWARD BRUCE BRIMACOMBE,<br><br>Plaintiff,<br><br>vs.<br><br>USAA INSURANCE AGENCY, INC. OF TEXAS (FN),<br><br>Defendant. | CV:  CV2017-056120<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

Plaintiff, **EDWARD BRUCE BRIMACOMBE**, by and through undersigned counsel, certifies that the amount in controversy exceeds the limits in Maricopa County for compulsory arbitration. Therefore, this matter is <u>not</u> subject to compulsory arbitration.

**RESPECTFULLY SUBMITTED** this 8th day of December, 2017.

HORNE SLATON, P.C.

By: _____Tony Horne_____
Thomas C. Horne
*Attorney for Plaintiff*

**ORIGINAL** of the foregoing filed this 8th day of December, 2017, with:

Clerk of Court
Maricopa County Superior Court

By: /s/: KME



# Notice of Service of Process

**SOP / ALL**
**Transmittal Number: 17511376**
**Date Processed: 12/12/2017**

| | |
|---|---|
| Primary Contact: | Ruby Esquivel<br>United Services Automobile Association<br>9800 Fredericksburg Rd.<br>Attn: Ruby Esquivel<br>San Antonio, TX 78288-0002 |
| Electronic copy provided to: | Sandra Adams<br>Danielle Lopez<br>Jenna Meurer<br>Debra Brake<br>Carmen Solis |
| Entity: | USAA Insurance Agency, Inc. of Texas (FN)<br>Entity ID Number  3692530 |
| Entity Served: | USAA Insurance Agency, Inc. of Texas (FN) |
| Title of Action: | Edward Bruce Brimacombe vs. USAA Insurance Agency, Inc. of Texas (FN) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Maricopa County Superior Court, Arizona |
| Case/Reference No: | CV2017-056120 |
| Jurisdiction Served: | Arizona |
| Date Served on CSC: | 12/11/2017 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Thomas C. Horne<br>480-483-2178 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Thomas C. Horne, Bar No. 002951
**HORNE SLATON, PLLC**
6720 North Scottsdale Road, Suite 285
Scottsdale, AZ 85253
Tel: (480) 483-2178
Fax: (480) 367-0691
horne@horneslaton.com
*Attorney for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **EDWARD BRUCE BRIMACOMBE,** | Case No.: CV2017-056120 |
| Plaintiff, | |
| v | **FIRST AMENDED COMPLAINT** |
| **USAA CASUALTY INSURANCE COMPANY,** | **(Breach of Contract, Insurance Bad Faith)** |
| Defendant. | |

For his Complaint, Plaintiff alleges:

1. Plaintiff is a resident of Maricopa County Arizona, and defendant does business in Maricopa County Arizona. Jurisdiction and venue are proper in Maricopa County Arizona.

2. The parties entered into an insurance contract, under which plaintiff paid premiums, and defendant provided insurance coverage, among other things, for policy limits of $500,000 for underinsured coverage.

3. On March 22, 2016, plaintiff was proceeding eastbound at the intersection of Broadway Road and Price road in Tempe, Arizona. Plaintiff was proceeding through a green traffic signal. A driver named Reina Silvia Ramirez ran a red light at 40 mph, and

1

crashed into the side of plaintiff's car at 40 miles per hour.  A crash at 40 mph into the side of a car is an extremely serious collision.

4. Plaintiff suffered broken ribs, a torn meniscus, torn rotator cuff, and required surgery. As a result of the accident his lungs adhered to his ribs which had the effect of his right lung collapsing. He had surgery to remove the adhesion and patch it off. He spent ten days in the intensive care unit at Banner Desert Medical Center. For 4 months, from March 2016 to July 2016, Plaintiff, was on opiates to survive this catastrophic crash.

5. Plaintiff incurred medical bills of $113,342.91.

6. Plaintiff suffered economic loss as follows: Plaintiff owns 97% of a company that provides charging stations for electric vehicles.  His main responsibility has been to raise capital for that company.  From March 2015 to March 2016, he raised $1.1 million. (He had also invested $1 million of his own). For the 4 months that he was recuperating, he was not able to raise anything, which is a loss of $1/3 million dollars.

In addition, during the time he was out of commission, there was a clean cities grant for electric charging stations.  Three of Plaintiff's competitors applied, and they each received 1/3 of the grant of $8 million.  Had Plaintiff been able to apply, then each of the 4 applicants would have receive 25%.  This is a loss of $2 million to him.

In addition, there was a $50 million grant for event cities that he was unable to apply for.

7. Plaintiff suffered additional out-of-pocket expenses as follows:

Replacement of Tesla                                    $72,000.00

| | |
|---|---|
| Healthcare Worker to take care of Mr. Brimacombe at home Kate Jones | $3,800.00 |
| Transportation costs for wife, who is temporarily living in Charlottesville to come back to Phoenix to take care of Bruce - C Brimacombe | $2,497.00 |
| US Stem Cell | $25,295.00 |
| Expected US Stem | $24,000.00 |
| Loans finance charge | $18,000.00 |
| Passenger aid | $2,400.00 |
| Rehab needs expected | $24,500.00 |

8. In addition, plaintiff suffered substantial additional damages for pain and suffering and loss of quality of life.

9. Ramirez was underinsured, in that Ramirez's insurance was only $50,000. Plaintiff settled with Ramirez for the $50,000 policy limits, and then presented his claim to defendant insurance company for Plaintiff's $500,000 underinsured policy.  A copy of the demand letter, dated September 25, 2017, for policy limits of $500,000 is attached as Exhibit A and incorporated by reference in this Complaint.

10. Defendant insurance company requested additional substantiation of the economic loss.  This was provided on November 21, 2017.  A copy of that letter and its attachments is attached as Exhibit B and incorporated by reference in this Complaint.  Additional substantiation was supplied, including a letter from Colleen Crowninshield, clean cities coordinator for the US Department of Energy in the State of Arizona. A request for their final and best offer was requested within the next 10 days, with a deadline of December 2, 2017.

11. No response was received by December 2, and undersigned counsel telephoned the defendant insurance company assigned adjuster, Ms. Darcy L Harrison.  That phone

3

call was ignored.  There was no return email or phone call as of the date of this Complaint.

12. On December 5, an additional email was sent, which is attached as exhibit D and incorporated by reference in this complaint.  That email noted that phone call had not been returned. There had been no email, and Plaintiff's numerous phone calls and emails had been completely ignored by the insurance company.  The deadline was extended again, unilaterally, to December 6 for the Plaintiff to hear something from the Defendant insurance company.

13. The Defendant insurance company, continued to be completely silent through the unilaterally extended deadline, December 6. As of that date there were no phone calls or emails in response to plaintiff's numerous communications, other than the request for documentation, which was given.

14. Plaintiff always paid his premiums to the Defendant insurance company, and Defendant insurance company accepted those premiums.  In return, Defendant insurance company owed a duty to plaintiff to pay the $500,000 underinsured motorist coverage, and to treat plaintiff with good faith and fair dealing, which it did not do.

15. Defendants actions described above constitute a breach of contract with plaintiff. In addition, defendant is liable for the tort of bad faith.  Because of that bad faith, the policy limits are no longer applicable, and plaintiff is entitled to recover his full damages, in excess of the $50,000 received from Ramirez, in this case.

16. In addition, the actions of defendant insurance company are sufficiently willful, deliberate, and egregious, that plaintiff is entitled to recover punitive damages in an

4

amount sufficient to discourage similar conduct in the future by defendant or others similarly situated.

17. This action arises out of contract, and Plaintiff is entitled to recover reasonable attorney's fees, pursuant to A.R.S. section 12 – 341.01.

Therefore, plaintiff prays for damages against defendant for the special damages itemized above, for pain and suffering, loss of quality of life, and other general damages, for punitive damages in an amount sufficient to discourage similar conduct in the future by defendant and others similarly situated, for reasonable attorneys fees pursuant to A.R.S. § 12 – 341.01, for costs incurred, and for such other and further relief as the Court deems proper.

**DATED** this 20th day of December, 2017.

_____
Thomas C. Horne, Esq.
*Attorney for Plaintiff*

BY: /s/kme

Thomas C. Horne, Bar No. 002951
Kristin Roebuck Bethell, Bar No. 031000
**HORNE SLATON, PLLC**
6720 N. Scottsdale Rd., Suite 285
Scottsdale, Arizona 85253
Tel. 480-483-2178
Fax. 480-367-0691
horne@horneslaton.com
roebuck@horneslaton.com
*Attorneys for Plaintiff, Edward Bruce Brimacombe*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **EDWARD BRUCE BRIMACOMBE,**<br><br>Plaintiff,<br><br>v<br><br>**USAA CASUALTY INSURANCE COMPANY,**<br><br>Defendant. | Case No. CV2017-056120<br><br>**ACCEPTANCE OF SERVICE**<br><br>*(Assigned to The Honorable Jennifer Green)* |

The undersigned, Nate Meyer, attorney for Defendant, is authorized to accept service, and does accept service of Plaintiff's First Amended Complaint.

The effect of this acceptance shall be the same as if Defendant, was personally served with process and on this date this Acceptance is executed.

_____
Nate Meyer    12/31/17

1